## KEATLY v. McLAUGHERTY.

1. In an action of covenant, it must appear in the declaration *with whom* the covenant was made.
2. So, the performance, or readiness to perform, or excuse for the performance of a condition precedent, must be shown at the place and within the time specified.
3. Covenant to partners,—breach should be, the failure to perform to them, or either of them. The above errors are not cured by a judgt. by default.

ON error from the St. Louis circuit court.

Opinion of the court, delivered by Wash J.

In an action of covenant, it must appear in the declaration *with whom* the covenant was made.

This was an action of covenant brought by the defendant in error, against the plaintiff, in the St. Louis circuit court, in which there was a judgment by default for McLaugherty, to reverse which, the present writ of error is prosecuted. For the plaintiff in error, the following points have been raised. 1st. That it is not shown with whom the plaintiff in error covenanted.—2nd. That no performance of the condition precedent to the defendant's obligation to pay, is averred.—3rd. That no sufficient breach is set out. For the defendant in error, it is insisted that all the defects of the declaration are cured by the judgment: As to the first point, it is stated in the declaration, that Keatly "covenanted and agreed to pay unto the said John McLaugherty" &c, the objection that it is not stated to, or with whom he covenanted, is well taken, and the judgment must be reversed. The cases of Tate and Barcroft, and Laberge, vs. McCausland, decided by this court, settle this point. A covenant may be made, and often is

So, the performance or readiness to perform, or excuse for performance of a condition precedent must be shown at the place, and within the time specified.

made to one person, to pay money or render service to another. The reversal of the judgment on this first point, makes it unnecessary to examine minutely the other two. It may be well to state, however, that the declaration seems clearly defective in not averring the performance, or the readiness to perform, or some sufficient excuse therefor, of the condition precedent, at the place and with-

In the time specified, as also, in not stating the breach to Toney and McLaugherty, in the life time of Toney; the promises and undertakings being to the firm, the statement of the breach, should have been the failure to pay, or perform to the partners of the firm, or to either of them. The judgment by default in the circuit court, did not cure the substantial defects of the declaration complained of, and must be reversed with costs.

<div style="margin">OCT. TERM
1835.

Covenant to partners, breach should be, the failure to perform to them or either of them. The above errors are not cured by a judgt. by default.</div>